```
MINUTE ENTRY          2:10 p.m.
```

UNITED STATES OF AMERICA -vs- LIU, SHI JUN

PRESENT: HON. ALEX R. MUNSON, CHIEF JUDGE PRESIDING
  K. LYNN LEMIEUX, DEPUTY CLERK
  FAYE CROZAT, COURT REPORTER
  JAMIE BOWERS, ASSISTANT U.S. ATTORNEY
  G. ANTHONY LONGS, DEFENSE ATTORNEY
  LIU, SHI JUN, DEFENDANT

PROCEEDINGS:    CHANGE OF PLEA

 Defendant appeared with counsel, Attorney G. Anthony Long.  Government was represented by Jamie Bowers, AUSA.  Also present was Margarita Wonenberg, U.S. Probation Officer.

 Norman Cing was sworn as a Chinese interpreter.  Defendant was sworn and examined as to his understanding of his constitutional rights, his right to trial and his understanding of the Plea Agreement.

 Court reviewed every element of the Plea Agreement with the Defendant.  Government reported to the Court what they would be able to prove if this matter proceeded to trial.  Defendant entered a plea of GUILTY as to Count I.  Court found that the defendant was fully competent and capable to enter a knowing and voluntary plea. Court accepted the plea and the Plea Agreement.

 Attorney Long moved to Waive the pre-sentence report and proceed with sentencing at this time.  Government had no objection to the motion and moved that the Court to follow the conditions set forth in the Plea Agreement.  After hearing a statement from the U.S. Probation Officer regarding the sentencing guidelines; Court GRANTED the joint motion made by the parties.

 Court applied the Total Offense level at 7 with a Criminal History category of I. No objection by the parties.

 Government recommended the Court follow the recommendations in the written Plea Agreement.  Defense recommend time served and deportation.

 The parties stipulate and agree that the defendant may be sentenced by the Court immediately, without the use of a pre-sentence report.  The defendant waived any and all rights that he may have regarding the preparation of a pre-sentence report or the Court's ability to use such report in determining the appropriate sentence.

 SENTENCE:  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant LIU, SHI JUN is hereby sentenced to time served and two years supervised release with the following conditions:

 1.  That the defendant shall not commit another federal, state or local crime;

 2.  The defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission:

 3.  That the defendant shall not possess a firearm or other dangerous weapon;

4. Defendant shall return, at his own expense, to the People's Republic of China within 24 hours of his sentencing (or as soon as practicable), and shall not return to the United States for the term of his supervised release without notifying his probation officer.  Defendant is ordered to remain in the custody of the United States Marshal following sentencing, until he is delivered by the Marshal, or another designated law enforcement agent, to the Saipan airport and is escorted on board a plane departing  for Japan and on to China.  (Northwest 78 K Leaving Saipan, December 24, 2004 at 8:28 a.m.); In the event that the defendant does not leave the Commonwealth within 24 hours and if he is still in the Commonwealth in 10 days he shall be delivered to a duly authorized Immigration official for deportation proceedings pursuant to 18 U.S.C. Â§3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. Â§1101.  As a further condition of supervised release, if ordered deported, the defendant shall remain outside and shall not re-enter the United States without the permission of the Attorney General.  If deportation fails to occur and the defendant is pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release.

 All fines were waived.

 It is further ordered that the defendant shall pay to the Court a special assessment fee of $100 which is to be paid immediately.

 No objection to the sentence by the attorneys.  Defendant was advised of his right to an appeal within 10 days and his right to an attorney for appeal.  However, the defendant was reminded that he has waived his right to appeal the sentence in this case.

 Court ordered the defendant's passport be released to the U.S. Marshal.

 Defendant was remanded back into the custody of the U.S. Marshal.

        Adjourned at 2:55 p.m.


;    [KLL EOD 12/23/2004]